IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

SEAN ROBERT ADDISON,

    Plaintiff,

vs.

JOSEPH ARNETT; JERUMY BOWEN; STEPHEN PICKETT; WAYNE MOSELEY; and MARK WOLFORT,

    Defendants.

CIVIL ACTION NO.: CV213-071

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at the Federal Correctional Institution in Sheridan, Oregon, filed a cause of action pursuant to 28 U.S.C. § 1331 and <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), contesting certain conditions of his confinement while he was housed at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"). Defendants filed a Motion to Dismiss, or, in the alternative, for Summary Judgment. Plaintiff filed a Response. Defendants filed a Reply. For the reasons which follow, Defendants' Motion to Dismiss should be **DENIED**. The undersigned makes no recommended disposition of Defendants' alternative Motion for Summary Judgment at this time.

## **STATEMENT OF THE CASE**

Plaintiff alleges that while he was housed in the Special Housing Unit ("SHU") at FCI Jesup, the SHU Staff compiled a list of the inmates who wanted to have recreation on a particular day. Plaintiff, who is black, wanted to have recreation on this particular day. Plaintiff asserts that another inmate, Gutierrez, was considered to be a "separatee" or "separate" regarding black inmates in general and Plaintiff in particular and posed a substantial danger to Plaintiff and other black inmates. Plaintiff alleges that Defendant Bowen knew of Gutierrez's racism and violence against black inmates, as this was documented in Bureau of Prisons' records, and knew that Gutierrez is a member of the Sureno gang, a group which does not like blacks. Plaintiff contends that Defendant Bowen assigned him to the same recreation cage as Gutierrez. Plaintiff also contends that Defendant Pickett escorted him while he was handcuffed to a recreation cage where several Mexican inmates, including Gutierrez, were also handcuffed. Plaintiff further contends that Defendant Pickett knew of Gutierrez's history of violent behavior against black inmates. According to Plaintiff, inmates in other recreation cages expressed their concerns about Plaintiff being placed in the same cage as Gutierrez and the other inmates, but Defendant Pickett ignored these concerns. Plaintiff avers that he also informed Defendant Pickett that he did not want to be put in that recreation cage, yet Defendant Pickett placed him in that cage. Plaintiff contends that Gutierrez was the first inmate in that recreation cage to have his handcuffs removed, and he began beating Plaintiff within seconds of Plaintiff entering the cage. Plaintiff asserts that he yelled for Defendant Pickett to remove his handcuffs, but Pickett did not and backed away from the cage. Plaintiff contends that Defendants Arnett, Bowen,

Moseley, and Wolford were at or near the cage when he began getting attacked, but these Defendants did nothing to help Plaintiff in this situation. Plaintiff also contends that "Defendants" watched Gutierrez assault Plaintiff and only entered the cage after Gutierrez tired himself out and stopped beating Plaintiff on his own. Plaintiff asserts that he lost consciousness and suffered "significant injuries" and continues to suffer physical and mental injuries as a result of the assault. (Doc. No. 50, p. 15).

Defendants assert that Plaintiff's <u>Bivens</u> cause of action is barred by 28 U.S.C. § 2676. Defendants also assert that Plaintiff fails to state an Eighth Amendment claim against Defendant Pickett or Bowen. Defendants further assert that Plaintiff fails to state a failure to intervene claim against them. Finally, Defendants assert that they are entitled to qualified immunity.

## DISCUSSION AND CITATION TO AUTHORITY

Defendants assert that Plaintiff previously filed a cause of action against the United States of America pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) & 2671, *et seq.*, in Case Number CV211-176. Defendants contend that Plaintiff's claim against the United States in CV211-176 was based on the same incident at issue in this cause of action and was based on Plaintiff's contention that the Defendants in this case acted negligently. Defendants also contend that this Court granted the United States' motion to dismiss and entered judgment in its favor. Defendants assert that the judgment in CV211-176 precludes Plaintiff from bringing his individual capacity claims against Defendants in this cause of action, all of whom are government employees, as these two (2) causes of action arise from the same subject matter.

Plaintiff avers that his prior FTCA cause of action was dismissed because this Court determined it lacked subject matter jurisdiction over his claims, which makes a difference in this case. While Plaintiff concedes that a FTCA claim decided on the merits would implicate the judgment bar, Plaintiff contends that it is not settled that a defendant is entitled to dismissal under the judgment bar when the previous cause of action was dismissed on procedural grounds.

Section 2676 of Title 18 of the United States Code provides: "The judgment in an action under section 1346(b) of this title shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim." The majority of courts construe § 2676 as barring a plaintiff's Bivens claims, regardless of whether the Bivens and FTCA claims are brought in the same cause of action. Denson v. United States, 574 F.3d 1318, 1334 n.50 (11th Cir. 2009); see also Williams v. Fleming, 597 F.3d 820, 822-23 (7th Cir. 2010) (expressly not reaching the issue of whether the FTCA judgment must be on the merits for the judgment bar to apply, but finding that dismissal under § 2680(h) barred any remaining Bivens action); Harris v. United States, 422 F.3d 322, 334 (6th Cir. 2005) ("[W]e have held that [§ 2676] applies even when the claims were tried together in the same suit and the judgments were entered simultaneously.") (alteration omitted); Estate of Trentadue ex rel. Aguilar v. United States, 397 F.3d 840, 858 (10th Cir. 2005) (finding that entering judgment on Bivens claim before rendering judgment on FTCA tort claim is "inconsequential" to the application of § 2676); Farmer v. Perrill, 275 F.3d 958, 962 (10th Cir. 2001) (holding that § 2676 barred Bivens claim because an FTCA claim based on same subject matter was adjudicated in an earlier proceeding);

4

Rodriguez v. Handy, 873 F.2d 814, 816 (5th Cir. 1989) ("'The moment judgment was entered against the government, then by virtue of § 2676, [defendant] was no longer answerable to [claimant] for damages.'") (quoting Arevalo v. Woods, 811 F.2d 487, 490 (9th Cir. 1987)); Aetna Cas. & Sur. Co. v. United States, 570 F.2d 1197, 1201 (4th Cir. 1978) ("[A] judgment against the United States would automatically bar the entry of any contemporaneous or subsequent judgment against [government officials]."). However, the Second Circuit Court of Appeals has held that, for the judgment bar to apply, the cause of action must fit within the category of cases for which sovereign immunity has been waived. Hallock v. Bonner, 387 F.3d 147, 155 (2d Cir. 2004), *vacated on other grounds by* Will v. Hallock, 546 U.S. 345 (2006) (stating that "an action brought under the FTCA and dismissed for lack of subject matter jurisdiction because it falls within an exception to the restricted waiver of sovereign immunity provided by the FTCA does not result in a "judgment in an action under section 1346(b) [the Federal Tort Claims Act].") (alteration in original).

Plaintiff previously brought a cause of action pursuant to the FTCA against the United States in Case Number CV211-176. In that case, Plaintiff asserted that the United States was responsible for the actions of its employees based on the same event giving rise to this cause of action. The Government moved to dismiss Plaintiff's claims based on the discretionary function exception to the FTCA, § 2680(a). The undersigned recommended that the Government's motion be granted, as the alleged conduct fell within the discretionary function exception to the FTCA, leaving this Court without subject matter jurisdiction. (CV211-176, Doc. No. 24). The Honorable Lisa

Godbey Wood adopted this recommendation as the opinion of the Court, and Plaintiff's complaint was dismissed. (Id. at Doc. No. 35).

The undersigned finds the Second Circuit's stance on this issue more sound than what the Government wishes for in this case, particularly in light of the Eleventh Circuit not having a definitive decision regarding whether a dismissal based on procedural grounds under the FTCA would bar a subsequent Bivens claim. Because this Court did not reach a judgment on the merits in case CV211-176, Plaintiff's Bivens cause of action against the individually-named Defendants should not be barred pursuant to 18 U.S.C. § 2676. Accordingly, this portion of Defendants' Motion to Dismiss should be **denied**.

A review of the remaining portions of Defendants' Motion to Dismiss and Plaintiff's Response thereto reveals that the merits of Plaintiff's claims cannot be decided on the pleadings alone. Thus, the remaining portions of Defendants' Motion should be **denied**. Instead, the undersigned will consider Defendants' alternative Motion for Summary Judgment, which will necessitate review and consideration of documents beyond the pleadings. The undersigned notes that Plaintiff's counsel cites to materials filed in response to Defendants' first motion to dismiss or, in the alternative, for summary judgment, which was mooted by the filing of Plaintiff's Amended Complaint. However, to give the parties ample opportunity to file whatever materials they wish to have the Court consider in adjudicating Defendants' Motion for Summary Judgment, Plaintiff shall have a period of twenty (20) days to file any additional documents. Counsel for Defendants then shall have a period of ten (10) days to file any desired response.

AO 72A
(Rev. 8/82)

Plaintiff's counsel's Motion to Withdraw (doc. no. 63) is **DENIED** at this time. Counsel states that he was retained to file a response to Defendant's dispositive motion, and he has fulfilled that duty. However, given the undersigned's directives in this Order, it would be inappropriate to grant counsel's Motion at this time. After the time for full response to Defendants' Motion for Summary Judgment has elapsed, counsel can file another motion to withdraw if he chooses.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 30th day of May, 2014.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE