# In the United States District Court for the Southern District of Georgia Brunswick Division

| | |
|---|---|
| SEAN ROBERT ADDISON, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | * |
| | *   CV 213-71 |
| JOSEPH ARNETT; JERUMY BOWEN; | * |
| STEPHEN PICKETT; WAYNE | * |
| MOSELEY; and MARK WOLFORT, | * |
| | * |
| Defendants. | * |

### ORDER

On May 30, 2014, the Magistrate Judge filed a Report and Recommendation in this case, recommending that the Defendants' Motion to Dismiss be denied as the Federal Tort Claims Act ("FTCA") judgment bar did not clearly apply. Dkt. No. 67. Defendants filed Objections, Dkt. No. 69, and Plaintiff filed a Response to those Objections. Dkt. No. 73. After an independent and *de novo* review of the entire record, the undersigned **ADOPTS** the Magistrate Judge's Report and Recommendation, with the modification noted below. Defendants' Objections are **OVERRULED**, and in accordance with the Report and Recommendation ("R&R"), Defendants' Motion to Dismiss is **DENIED**.

1

AO 72A
(Rev. 8/82)

The R&R concurs with the Second Circuit's decision in Hallock v. Bonner, 387 F.3d 147 (2d Cir. 2004). Dkt. No. 67, p. 6. The R&R bases its agreement, in part, on the fact that the Eleventh Circuit has not definitively decided whether dismissal of an FTCA suit based on procedural grounds would bar subsequent Bivens claims. Because the dismissal judgment in Plaintiff's previous FTCA suit was based on procedural grounds as opposed to on the merits, the R&R found that Plaintiff's Bivens claims should not be barred under 28 U.S.C. § 2676. Id. (describing Addison v. United States, No. CV 211-176, 2012 WL 2863434, at *4 (S.D. Ga. Apr. 16, 2012), adopted by Addison v. United States, No. CV 211-176, 2012 WL 2862223 (S.D. Ga. July 11, 2012)). The reason the judgment bar is inapplicable, however, is not because the previous dismissal judgment was procedural rather than merits-based. The Hallock court found that procedural defects can lead to application of the judgment bar in cases *properly* pleaded under the FTCA. 387 F.3d at 155. The judgment bar does not apply to a case dismissed pursuant to an exception set forth in 28 U.S.C. § 2680; this is not because the dismissal judgment was procedural rather than merits-based, but rather because the action was not *properly* brought *under* the FTCA. Id. ("an action brought under the FTCA and dismissed for lack of subject matter jurisdiction because it falls within an exception to the restricted waiver of sovereign immunity provided by the FTCA

2

does not result in a 'judgment in an action under [the FTCA].'").

The Court will rule on the government's motion for summary judgment.

**SO ORDERED**, this 18TH day of March, 2015.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA