IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| SEAN ROBERT ADDISON, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| Plaintiff, | ) | |
| | ) | 2:13-CV-71-LGW-RSB |
| vs. | ) | |
| | ) | |
| JOSEPH ARNETT ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

### MOTION TO STRIKE THE OPINIONS AND PRECLUDE THE TESTIMONY OF MARK C. FOREMAN

For the reasons stated below, Plaintiff moves to strike the opinions and testimony of Defendants' expert witness, Mark C. Foreman, pursuant to Rule 702 of the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

### ARGUMENT AND CITATIONS OF AUTHORITY

The admissibility of expert testimony is governed by Federal Rule of Evidence 702, which states: "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise." Rule 702 "imposes a special obligation" on the trial court to ensure that an expert

"employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).

Trial courts in this Circuit that are tasked with carrying out this "gatekeep[ing]" function must "engage in a 'rigorous three-part inquiry,'" assessing whether:

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

*Hendrix ex rel. GP v. Evenflo Co., Inc.*, 609 F.3d 1183, 1194 (11th Cir. 2010) (quoting *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004). It is the defendants' burden to establish the admissibility of the opinions and testimony of their expert witness. *See Hendrix*, 609 F.3d at 1194 (citation omitted).

### I.  Foreman's Expert Report should be excluded because his opinions will not help the jury determine any dispute fact

With respect to "helpfulness" – the third criterion for admission of expert witness testimony – the Eleventh Circuit has found that "[p]roffered expert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments." *Frazier*, 387 F.3d at 1262-63 (citing 4 Weinstein's Federal Evidence § 702.03[2][a]). Because "expert

testimony may be assigned talismanic significance in the eyes of lay jurors … the district courts must take care to weigh the value of such evidence against it potential to mislead or confuse." *Frazier*, 387 F.3d at 1263.

It is well-settled that an expert witness "may not testify to the legal implications of conduct; the court must be the jury's only source of law." *Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990) (citations omitted). As the Sixth Circuit observed: "The problem with [expert witness] testimony containing a legal conclusion is in conveying the witness' unexpressed, and perhaps erroneous, legal standards to the jury." *Torres v. County of Oakland*, 758 F.2d 147, 150 (6th Cir. 1985). *See also Berry v. City of Detroit*, 25 F.3d 1342, 1353 (6th Cir. 1994) ("Although an expert's opinion may 'embrace[] an ultimate issue to be decided by the trier of fact[,]' . . . the issue embraced must be a factual one.")

Foreman's expert report concludes that "Having reviewed the allegations of the complaint and the statements of Defendants in [t]his case, I believe that the Defendants acted properly and exercised sound correctional judgment and discretion in responding to the inmate-on-inmate assault at issue." Doc. 103, p. 2.

In this case, the issue for the jury is whether the Defendants were deliberately indifferent to the danger faced by Plaintiff. Re-framing the issue as "sound correctional judgment" is merely a different way for Mr. Foreman to opine

3

about the Defendants' mental state, and his ultimate opinion amounts to no more than a legal conclusion.

Mr. Foreman's remaining opinions recite existing standards of the Bureau of Prisons. The existing policies are not a matter for which the jury will benefit from expert testimony. The policies at issue are in no way determinative of whether the Defendants acted with deliberate indifference. *See, e.g., Davidson v. Coughlin*, 920 F. Supp. 305, 309-10 (N.D.N.Y. 1996) ("[T]he test for 'deliberate indifference' … is not necessarily addressed by whether an official followed a DOCS directive. Rather, the proper inquiry is whether 'the official knows of and disregards an excessive risk to inmate safety' "). Moreover, even if Defendants were following policy, they cannot escape liability by arguing they were simply following orders, and the "just following orders" defense has been rejected by the Eleventh Circuit. *See O'Rourke v. Hayes*, 378 F.3d 1201, 1210 (11th Cir. 2004).

To whatever extent the policies of the BOP are relevant, the Defendants are able to present the factors they used in determining whether and when to intervene, and Foreman's testimony will only repeat the considerations already offered by Defendants. *See, e.g.,* Defendants' Answers, Docs. 86-90, p. 2 ("Defendants acted in keeping with policy, sound correctional judgment, common sense, and concern for the safety of all inmates and staff").

Because Mr. Foreman's expert report presents only legal conclusions and irrelevant facts, it should be stricken because it will not assist the trier of fact.

## II. Foreman's Expert Report Fails to Meet the Reliability Requirement of Rule 702.

Foreman's opinions fail the reliability standard in two critical respects: he fails to ground or support his opinions with any objective standard, and his opinions are not based on sufficient facts or data. Accordingly, his testimony is unreliable and should be excluded in its entirety.

Reliability is a key test as to the admissibility of expert opinions. *Daubert*, 509 U.S. at 589. An expert opinion must not rest purely on speculation. *Tamraz v. Lincoln Elec. Co.*, 620 F.3d 665, 670 (6th Cir. 2010). The task for the district court in deciding whether an expert's opinion is reliable is not to determine whether it is correct, but rather to determine whether it rests upon a reliable foundation, as opposed to, say, unsupported speculation. *See* Fed. R. Evid. 702 (explaining that expert testimony must be based on "sufficient facts or data" and the "product of reliable principles and methods").

To be sufficiently reliable, the witness must offer the reasoning for his or her conclusions and point to some objective source to show that the witness has followed a recognized analytical method. "An expert who supplies nothing but a bottom line, supplies nothing of value to the judicial process." *Mid-State Fertilizer*

5

*Co. v. Exchange Nat. Bank of Chicago*, 877 F.2d 1333, 1339 (7th Cir. 1989) (Easterbrook, J.).

First, Foreman did not review the evidence in this case, and relied entirely on Plaintiff's complaint and the "503 Report of Incident." His report does not state which version of Plaintiff's complaint he relied upon, or which disputed facts he assumed to be true. The failure to disclose the factual basis for his analysis itself renders Foreman's opinion unreliable.

Second, Foreman does not attempt to test his opinions against any specific, published standards, and relies solely upon various Bureau of Prisons policies. But those policies do not set out any analytical method or reliable way to determine when prison guards should intervene in an inmate altercation. Mr. Foreman's report acknowledges that, "Bureau of Prisons policy does not stipulate a staff to inmate ratio for immediate use of force situations." While the policies at issue list some subjective criteria, the policies do not state how those criteria should be weighed and Mr. Foreman makes no attempt to apply those criteria in this case. Absent any objective criteria for determining how prison guards should react to immediate use of force situations – and a statement of how those criteria apply to the facts of those case – Mr. Foreman's opinions should not be permitted because they are not based on reliable principles and methods.

6

## **CONCLUSION**

For the foregoing reasons, Plaintiff requests this Court strike the opinions of Mark Foreman and preclude Mr. Foreman from testifying about these opinions at trial.

Respectfully submitted, this 8th day of February, 2016.

/s/Albert Wan, Esq.
Albert Wan
Georgia Bar No. 334224

Albert Wan, Attorney at Law
215 Church Street
Suite 110
Decatur, GA 30030
albert@albertwanlaw.com
(404) 872-7760

/s/Jeffrey R. Filipovits
Jeffrey R. Filipovits
Georgia Bar No. 825553

FILIPOVITS LAW FIRM, P.C.
2900 Chamblee-Tucker Rd.
Building 1
Atlanta, Georgia 30341
Phone: 770-455-1350
Fax: 770-455-1449
jrfilipovits@gmail.com

## **CERTIFICATE OF SERVICE**

I certify that on February 8, 2016, I served all of the parties in this case by filing using the CM/ECF system, which automatically generates a Notice of Electronic Filing to the following:

    Shannon Statkus
    Thomas Clarkson
    Assistant United States Attorneys
    Post Office Box 8970
    Savannah, GA 31412

    /s/Jeffrey R. Filipovits
    Jeffrey R. Filipovits
    Georgia Bar No. 825553
    *Attorney for Plaintiff*

FILIPOVITS LAW FIRM, P.C.
2900 Chamblee-Tucker Rd.
Building 1
Atlanta, Georgia 30341
Phone: 770-455-1350
Fax: 770-455-1449
jrfilipovits@gmail.com