IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

SEAN ROBERT ADDISON,

    Plaintiff,

v.

JOSEPH ARNETT; JEREMY BOWEN;
STEPHEN PICKETT; and WAYNE
MOSELEY,

    Defendant.

CIVIL ACTION NO.: 2:13-cv-71

## **O R D E R**

This matter comes before the Court on several motions in limine. Specifically, Defendants filed a Motion containing eight in limine requests, (doc. 132), to which Plaintiff filed a Response, (doc. 146). In addition, Plaintiff filed a Motion containing eleven in limine requests, (doc. 137), to which Defendants filed a Response, (doc. 145). For the reasons and in the manner set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff and Defendants' Motions.

DISCUSSION

**I.    Defendants' Motion in Limine (Doc. 132)**

Defendants move the Court for an order prohibiting Plaintiff from offering any argument or evidence on certain enumerated matters at trial. (Doc. 132, pp. 1–2.) In particular, Defendants list eight matters which they believe are inadmissible pursuant to the Federal Rules of Evidence. In his Response, Plaintiff contests only two of these matters in part. Accordingly, the Court's ruling on each of these matters is as follows:

### 1. Evidence and Argument Regarding Indemnification

Defendants argue that the Court should exclude any evidence or argument that Defendants have the ability to seek indemnification in the event of an adverse judgment. (Id. at p. 2.) Plaintiff agrees that evidence related to Defendants' possible indemnification is inadmissible. (Doc. 146, p. 2.) However, Plaintiff maintains that he should be allowed to present such evidence should Defendants testify that they would be unable to pay an adverse judgment or that they do not have the capability to seek indemnity. Consequently, this portion of Defendant's' Motion is **GRANTED as unopposed**. Should Plaintiff perceive that Defendants have "opened the door" to evidence of Defendants' sources of indemnification, they must first seek the Court's permission, outside the presence of the jury, to introduce such evidence.

### 2. Evidence of General Law Enforcement Misconduct

Defendants also aver that the Court should exclude any evidence or argument that law enforcement officers, in general, lie, conspire, or otherwise maintain a "code of silence" to protect fellow officers accused of wrongdoing. (Doc. 132, p. 3). In his Response, Plaintiff declares that he does not intend to introduce evidence of, or make arguments pertaining to, general law enforcement misconduct, except as that subject may arise during *voir dire*. Defendants' motion is **GRANTED as unopposed**. To the extent that Plaintiff's counsel requests that potential jurors be asked questions regarding law enforcement misconduct during *voir dire*, counsel will be expected to follow the Court's normal rules and procedures for *voir dire*.

### 3. Sequestration of All Non-Party Witnesses; Plaintiff's Hearsay Testimony; & Evidence and Argument Related to Other Complaints Against Defendants Bowen, Arnett, and Wolfort

Defendants' motions in limine three (3) — five (5) are **GRANTED as unopposed**.

### 4. Evidence Regarding the Claim Previously Dismissed on Summary Judgment

Citing this Court's dismissal of Plaintiff's deliberate indifference claims against Defendants Pickett and Bowen on March 31, 2015, (doc. 77), Defendants aver that any evidence related to Plaintiff's deliberate indifference claim is irrelevant to his failure-to-intervene claim and should, therefore, be excluded from trial. (Doc. 132, pp. 15–16.) Plaintiff contends that he should be permitted to present evidence of the facts leading up to his attack because those facts also support his failure-to-intervene claim.

The general test for the admissibility of evidence is that relevant evidence is admissible unless a constitutional, statutory, or other rule specifically provides otherwise. Fed. R. Evid. 402. "Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Because Plaintiff must also prove that he faced a substantial risk of harm and that Defendants had knowledge of that risk of harm, facts leading up to his attack remain relevant to his failure-to-intervene claim. Further, allowing such testimony will allow Plaintiff to create a clearer picture of the incident for the jury. In addition, the "probative value of allowing such 'context' testimony" may often "outweigh[] any unfair prejudice to the Defendants." Unites States v. AseraCare, Inc., NO: 2:12–CV–245–KOB, 2015 WL 5444124, at *5 (N.D. Ala. Sept. 15, 2015). Nevertheless, to prevent the needless presentation of evidence and to prevent any unfair prejudice to Defendants, the Court limits such evidence to the facts to which Plaintiff and Defendants previously stipulated, (see doc. 118-1, pp. 3–4).[1] For these reasons and in this manner, the Court **DENIES** this portion of Defendant's Motion **in part**.

---

[1] In his Response, Plaintiff stated that he "intends to testify about the reason he did not want to be placed in a cage with Inmate Gutierrez, i.e., he was concerned about Gutierrez's gang affiliation, Gutierrez's reputation for violence, and the gang's reputation for violence." (Doc. 146, p. 5.) However, this evidence has little, if any probative value regarding Plaintiff's remaining claims. Furthermore, this evidence would

### 5. Evidence of Racial Animosity

Defendants contend that Plaintiff should be precluded from introducing evidence that their actions were motivated by racial bias, as well as any evidence of local or national law enforcement controversies arising out of racial tension. (Doc. 132, pp. 16–17.) Plaintiff agrees that he will not argue that Defendants' actions were racially motivated, provided Defendants do not present evidence which would support such an inference. (Doc. 146, p. 6.) Accordingly, this portion of Defendants' Motion is **GRANTED as unopposed**.

### 6. Evidence Regarding "Just Following Orders" Defense

Defendants contend that the Court should not permit Plaintiff to present evidence related to a purported defense that Defendants were "just following orders," as Defendants do not intend to present such a defense. (Doc. 132, p. 17.) Defendants aver that discussion of a defense which they do not assert at trial would confuse the issues and mislead the jury, contrary to Federal Rule of Evidence 403. (Id.) Plaintiff reiterates that he intends to present arguments regarding a "just following orders" defense only if Defendants assert that defense at trial. (Doc. 146, p. 6.) As Defendants contend they will not present such a defense, their motion is **GRANTED**.

## II. Plaintiff's Motion in Limine (Doc. 137)

In his Motion in Limine, Plaintiff lists eleven matters which he believes are inadmissible at trial. In their Response, Defendants contest only three of these matters in part. Accordingly, the Court's ruling on each of these matters is as follows:

---

confuse and mislead the jury and unfairly prejudice Defendants by implying that Defendants could be held liable for placing Plaintiff in the cell with Gutierrez. This Court ruled in its summary judgment Order that there "is no evidence that Defendants Bowen or Pickett had subjective awareness that Gutierrez posed any threat to Plaintiff's safety" when they placed the two inmates in the same cage. (Doc. 77, p. 14.)

4

1. **Evidence of Plaintiff's Convictions Prior to 1999; Limitation of the Scope of Evidence of Plaintiff's 1999 Conviction; and Evidence of Plaintiff's Medical Expenses**

In his in limine requests one (1) through three (3) Plaintiff argues that the Court should (1) exclude evidence of Plaintiff's convictions prior to the 1999 conviction leading to his present incarceration; (2) limit the scope of evidence of Plaintiff's 1999 conviction to the crime charged, the date of the charge, and the disposition of that charge, should Defendants use his 1999 conviction for impeachment purposes; and (3) exclude any references to Plaintiff's medical expenses or the payment of those expenses. (Doc. 137, pp. 1–3.) In their Response, Defendants state that they do not intend to present evidence as to Plaintiff's pre-1999 conviction, agree to limit the scope of any cross examination as to crimes for which Plaintiff is currently incarcerated, and do not intend to present evidence as to the payment of Plaintiff's medical expenses. (Doc. 145, pp. 1–2.) Thus, these portions of Plaintiff's Motion are **GRANTED as unopposed**.

2. **Evidence Related to Plaintiff's February and April 2012 Injuries**

Plaintiff requests that the Court prohibit Defendants from introducing evidence of, or making reference to, attacks he suffered by other inmates in February and April 2012. (Doc. 137, p. 4.) Plaintiff admits that the injuries Plaintiff suffered as a result of these subsequent attacks present issues of medical causation regarding his measure of damages in this suit and, therefore, does not intend to claim damages past January 2012. (Id.) Thus, Plaintiff contends that, as a result, evidence of these attacks and the injuries he received following the attacks is irrelevant. Defendants, however, contend that the Court should permit cross-examination of Plaintiff as to the nature, extent, and cause of his injuries for the limited purpose of impeachment. (Doc. 145, p. 2.)

"Extrinsic evidence of a witness's prior inconsistent statement is admissible [] if the witness is given an opportunity to explain or deny the statement . . . ." Fed. R. Evid. 613(b). While inadmissible evidence used to impeach a witness may not be admitted as substantive evidence, Plaintiff's prior inconsistent statements are admissible for impeachment purposes. See United States v. Feliciano, 761 F.3d 1201, 1211 (11th Cir. 2014) (noting that a court may issue a limiting instruction in which the jury is instructed that a party's prior inconsistent statement is admissible for impeachment purposes only). Therefore, regardless of whether the subsequent attacks by other inmates or the injuries resulting therefrom prove to be relevant for purposes of his claim for damages in this suit, Defendants are not prohibited from using testimony and information related to those attacks as impeachment evidence under Rule 613(b).

While Plaintiff presently represents that he is only seeking damages up to January 2012, Defendants contend he previously testified that he suffers from the attack to the present. (Doc. 145, p. 2.) Of course, at this time, the Court does not know how Plaintiff might testify at trial. Thus, it would be unfair to preemptively limit Defendants' ability to cross examine Plaintiff by prohibiting them from referring to any testimony or information regarding the subsequent attacks. Consequently, the Court **DENIES** this portion of Plaintiff's Motion. To the extent Plaintiff's testimony at trial warrants, Defendants may present this evidence for impeachment purposes. However, Defendants are forewarned that they should not present extended evidence regarding the subsequent attacks. Such an extended presentation, including any evidence of Plaintiff's role or alleged fault in the subsequent attacks, has a great propensity to mislead rather than assist the jury and could unfairly prejudice Plaintiff.

### 3. References to Plaintiff's Dismissal of Claims Against Defendant Wolfort

Plaintiff contends that the Court should exclude any reference to his voluntary dismissal of Defendant Wolfort as irrelevant under Federal Rule of Evidence 401. Defendants respond that the Court should permit them to present this evidence because "Plaintiffs' inconsistent positions regarding [Defendant Wolfort's actions] is an appropriate area for exploration at trial." (Doc. 145, p. 3.) In short, Defendants argue that Plaintiff's dismissal of Defendant Wolfort supports their interpretation of the Eighth Amendment and cuts against Plaintiff's interpretation. (Id.)

Defendants' argument is difficult to follow and without merit. Defendants do not plausibly explain how Plaintiff's decision to dismiss Defendant Wolfort touches on any of the issues the jury must decide in this case. Moreover, like any party, Plaintiff must consider numerous factors when deciding whether to bring claims and continue those claims against any defendant. Thus, Plaintiff did not admit that Wolfort complied with the Eighth Amendment when he dismissed his claims against him. See Goodie v. United States, No. CIV.A. RDB-10-3478, 2013 WL 968198, at *14 (D. Md. Mar. 12, 2013) ("Considering that the Plaintiffs need not sue every possible party at fault, this argument holds no water. The Plaintiffs' decision not to sue [the physician] does not equate to an admission that [the physician] met his standard of care. The Government's attempt to construe the Plaintiffs' statements as such is an argument based on specious reasoning.") Moreover, inserting evidence of Plaintiff's decision to dismiss Wolfort would needlessly complicate this trial and likely confuse the jury. Bishop v. Children's Ctr. for Developmental Enrichment, No. 2:08-CV-766, 2011 WL 6752071, at *2 (S.D. Ohio Dec. 22,

2011) (excluding evidence that third party school district did not sue defendant for breach of contract and holding that such evidence "could result in confusion of the issues to the jury").[2]

The court **GRANTS** this portion of Plaintiff's Motion. Defendants can attack Plaintiff's argument that they failed to live up to the duties they owed him under the Eighth Amendment without referencing Defendant Wolfort's dismissal from the case.

It appears from Defendants' response to this portion of Plaintiff's Motion and Plaintiff's trial brief, (doc. 134), that the parties disagree about what the Eighth Amendment required of Defendants. However, the parties have not brought a Motion requiring the Court to rule on these arguments. Moreover, the parties' pleadings on these issues do not reflect categories of evidence (much less specific testimony or documents) to which these arguments plausibly pertain. Thus, the Court need not and cannot issue a ruling on these underdeveloped arguments at this time.

4. **Evidence of Commendation, Award, or Favorable Performance Reviews; Evidence of Plaintiff's Potential Use of Judgment Award; Argument as to Equally Available Witnesses; Comparative Fault Arguments; and Reference to Settlement Agreements**

Defendants do not object to Plaintiff's in limine requests six (6), eight (8), nine (9), ten (10), and eleven (11). Therefore, these portions of Plaintiff's Motion in Limine, (doc. 137), are **GRANTED as unopposed**.

---

[2] It does not appear that Plaintiff has reached a settlement agreement with Defendant Wolfort. Thus, allowing Defendants to introduce Plaintiff's voluntary dismissal of Wolfort does not appear to violate the letter of Federal Rule of Evidence 408. That Rule provides, "Evidence of the following is not admissible . . . to prove or disprove the validity or amount of a disputed claim[:]" "(1) furnishing, promising, or offering—or accepting, promising to accept, or offering to accept—a valuable consideration in compromising or attempting to compromise the claim" or "(2) conduct or a statement made during compromise negotiations about the claim[.]" Fed. R. Evid. 408. Nonetheless, the rationales supporting this rule of inadmissibility hold true in the situation at hand. Those rationales include "(1) [t]he evidence is irrelevant, since the offer may be motivated by a desire for peace rather than from any concession of weakness of position" and "(2) . . . promotion of the public policy favoring the compromise and settlement of disputes." Fed. R. Evid. 408 advisory committee's note to 1972 proposed rules.

**5. Argument for Jury Nullification and/or Public Policy Contrary to Existing Law**

Finally, Plaintiff requests that the Court prohibit Defendant from referencing public policies which are contrary to existing law in order to achieve jury nullification. (Doc. 137, p. 8.) Defendants contend that they do not intend to present evidence aimed toward jury nullification, but reserve the right to present evidence relating to public policies, such as those concerning institutional policies, officer safety, and training. (Doc. 145, p. 4.) The Court **GRANTS as unopposed** this portion of Plaintiff's Motion because Defendants agree that they will not present evidence or argument that would invite or encourage the jury to nullify existing law.

## CONCLUSION

For the reasons stated above, Defendants' Motion is **GRANTED in part** and **DENIED in part.** Likewise, Plaintiff's Motion is **GRANTED in part** and **DENIED in part.**

**SO ORDERED**, this 6th day of July, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA